FILED
2012 Apr-12  PM 04:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS MARTIN KEY | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | CASE NO. 5:12-CV-0314-NE |
| MORGAN COUNTY SHERIFF'S | ) | |
| OFFICE, MORGAN COUNTY, | ) | |
| ALABAMA, and SHERIFF ANA | ) | |
| FRANKLIN, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Pending before the court are defendant Morgan County, Alabama's motion to dismiss (doc. 7), a memorandum in support thereof (doc. 8), plaintiff's opposition to said motion (doc. 17), and defendant's reply (doc 19); defendant Sheriff Ana Franklin's motion to dismiss (doc. 9), a memorandum in support thereof (doc. 10), plaintiff's opposition to said motion (doc. 16), and defendant's reply (doc. 20);  and defendant "Morgan County Sheriff's Office" motion to dismiss (doc. 12), a brief in support thereof (doc. 13), and plaintiff's response thereto (doc. 16). Having considered the parties' arguments and the foregoing pleadings, the court finds as follows:

### Factual Background

Plaintiff alleges the following facts in his complaint. Plaintiff began working for Morgan County in the Sheriff's Office in March 2001. Compl. (doc. 1) at ¶ 14. He worked there as a deputy until April 2004, when he was placed on the Drug Task Force. *See id.* at ¶ 23. In February 2009 he was promoted to the rank of Sergeant, and in June 2009, he was given a raise of $1 per hour and classified as a Sergeant in Narcotics. *See id.* at ¶ 24-25. His title and rank at the time of the events alleged in his complaint was "Sergeant Drug Task Force – Field Commander." *Id.* ¶ 26.

Under the Morgan County Alabama Personnel Policy Manual (the "County Manual"), employees, after serving successfully for six months, attain a type of permanent employment such that they may not be terminated or seriously disciplined except for good cause in accordance with certain due process procedures involving notice, a hearing, and an opportunity to appeal to a personnel review board established by a provision of the Manual. *See id.* at ¶ 17. On or about September 29, 2008, the Morgan County Sheriff's Office issued its own Manual of Rules and Regulations (the "Sheriff's Office Manual"), which establishes that all "employees shall hold office during good behavior and proper performance of duty . . . but may be removed for cause by a supervisor with the concurrence of the Sheriff, in accordance with the provisions of these Rules and Regulations." *Id.* at ¶¶ 18, 20. The

Sheriff's Office Manual further provides that "an employee may be dismissed from Sheriff's Office employment, after notice and hearing." *Id.* at ¶ 20.  With respect to demotions, the Sheriff's Office Manual provides "an employee may be demoted for (1) inability to perform the higher level job; (2) failure to comply with employment conditions such as licensure or certification; or (3) physical limitations." *Id.* at ¶ 21. Finally, the Sheriff's Office Manual requires that "in the event of conflict of benefits between the [Sheriff's Office Manual's] standard operating procedures . . . and the [County Manual], the expression of benefits that is more favorable to the employee shall prevail." *Id.* at ¶ 19.

On January 12, 2011, Sheriff Greg Bartlett promoted plaintiff from the rank of Sergeant to the rank of Lieutenant serving as field commander of the Morgan County Drug Task Force. *See id.* at ¶ 27. His pay was raised from $17.26 per hour to $19.03 per hour. *See id.* at ¶ 28. On January 18, 2011, Ana Franklin took office as Sheriff of Morgan County. *See id.* at ¶ 30. On January 19, 2011, Captain J. R. Law informed plaintiff that Sheriff Franklin had demoted his rank from Lieutenant to Sergeant and reduced his hourly rate of pay. *See id.* at ¶ 31.When plaintiff asked why he was being demoted, Captain Law replied that plaintiff had been "f***ed." *Id.* at ¶ 34. Plaintiff was given no further explanation or documentation detailing the reasoning behind the demotion. *See id.* at ¶ 35.

On January 20, 2011, plaintiff met with Sheriff Franklin, who informed plaintiff that she had conducted discussions with his employees prior to her taking office and that the consensus had been that plaintiff was under too much stress for the position of field commander. *See id.* at ¶ 37. Though Section 3-35-15 of the Sheriff's Office Manual sets four steps of progressive discipline, no progressive discipline was applied prior to the demotion of plaintiff, nor was he given an option for medical assessment or treatment for stress prior to his demotion. *See id.* at ¶¶ 38–40.

The Sheriff's Office Manual stipulates under the disciplinary action section that the Sheriff is to communicate with the Human Resources clerk for any proposed disciplinary action, a requirement that Sheriff Franklin did not comply with prior to demoting plaintiff. *See id.* at ¶ 41. Plaintiff was also never issued a Notice of Intent concerning the demotion, as required by the Standard Operating Procedure ("SOP") established by the Sheriff's Office Manual, nor was plaintiff provided with a written statement detailing the reasons for his demotion. *See id.* at ¶¶ 35, 42.

On January 26, 2011, plaintiff requested a hearing before the Morgan County Personnel Review Board with respect to the demotion. *See id.* at ¶ 46. He then met again with Sheriff Franklin on January 31, 2011, and requested, for a second time, that Sheriff Franklin reduce to writing her reason for demoting plaintiff. *See id.* at ¶¶ 47, 50. She responded that plaintiff would not get anything in writing because he had

sent a request for a hearing to the County Commission. *See id.* at ¶ 50. She then threatened plaintiff with a forced resignation, else he risked being fired. *See id.* at ¶ 51. That same day, Sheriff Franklin signed a "Personnel Action Request" ("PAR") on which she wrote "Mr. Key has resigned with out [sic] adequate notice." *See id.* at ¶ 52. Plaintiff had not resigned. *See id.* at ¶ 53.

After select events surrounding plaintiff's demotion were recounted publicly in the *Decatur Daily* (*see id.* at ¶¶ 56–66), on February 11, 2011, plaintiff was served a termination letter at his residence by a deputy from the Sheriff's Office (*see id.* at ¶¶ 69–70). That same day, Sheriff Franklin sent out a retroactive memorandum to all employees within the Sheriff's Office stating that the SOP under which they had all been operating was no longer in effect, retroactive to January 18, 2011, the day she took office. *See id.* at ¶ 71. Also on that day, Morgan County stopped paying plaintiff. *See id.* at ¶ 73. On February 14, 2011, plaintiff's attorney requested an appeal of his termination to the Morgan County Personnel Review Board. *See id.* at ¶ 74. On March 9, 2011, Morgan County issued plaintiff's final paycheck, indicating he had no remaining leave; plaintiff thus lost over 500 hours of sick time. *See id.* at ¶ 79.

On March 10, 2011, the Morgan County Personnel Board convened to review plaintiff's demotion and termination; the proceedings of the meeting were not officially recorded. *See id.* at ¶80. It ultimately declined to take a position whether it

has the authority or jurisdiction to address the issues of plaintiff's termination and demotion, instead concluding that any opinion would be advisory in nature. *See id.* at ¶ 84.  On March 24, 2011, the Board affirmed plaintiff's demotion and termination. *See id.* at ¶ 85.

Plaintiff's attorney contacted the Morgan County Commission on multiple occasions in order to request a review of the Personnel Board's decision. *See id.* at ¶¶ 86–90. The Commission never responded. *See id.* at ¶ 91.

### Standard of Review

When an issue is before the court on a motion to dismiss, the court must accept the allegations of the complaint as true and construe them 'in the light most favorable to the plaintiff.'" *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11ᵗʰ Cir. 2004) (citing *Hill v. White*, 321 F.3d 1334, 1335 (11ᵗʰ Cir. 2003)). *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (in turn citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n. 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974))). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 555 U.S. 662, 667(2009) (quoting *Twombly*, 550 U.S. at 570). *See also Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11ᵗʰ Cir. 2009) (stating that

"[a] complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face").

## Legal Analysis

### I. Morgan County Sheriff's Department

In response to defendant Morgan County Sheriff's Department's motion to dismiss (doc. 12), plaintiff has filed a brief which does not oppose the dismissal (doc. 16). As the plaintiff recognizes, the Alabama Supreme Court has stated that "[i]t is clear under Alabama law that [a] sheriff's department is not a legal entity subject to suit," *Ex Parte Haralson*, 853 So. 2d 928, 931 (Ala. 2003), such that "a cause of action may not be maintained." *White v. Birchfield*, 582 So. 2d 1085, 1087 (Ala. 1991). The Eleventh Circuit Court of Appeals concurs, finding that "a county sheriff's department lacks the capacity to be sued." *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992) (citing *White*, 582 So. 2d at 1087).

The court therefore finds that the motion to dismiss of defendant "Morgan County Sheriff's Department" is due to be granted. However, the defendant's request for attorney's fees and costs is denied.

### II. Morgan County, Alabama

Plaintiff brings suit against Morgan County, Alabama, for sex discrimination, age discrimination, retaliation, and violation of 42 U.S.C. § 1983.

It is well settled that under Alabama law, sheriffs and their employees are state employees. Article V, § 112 of the Alabama Constitution of 1901 states that "[t]he executive department shall consist of a governor, lieutenant governor, attorney-general, state auditor, secretary of state, state treasurer, superintendent of education, commissioner of agriculture and industries, and a sheriff for each county." However, plaintiff contends that he is an "employee" of Morgan County, and relies upon the opinion by the Supreme Court in *Walters v. Metro. Educ. Enterprises, Inc.*, 519 U.S. 202 (1997) for the proposition that the "payroll method" established by the Court in that case is to be used to determine when an employer "has" an employee. *See id.* at 207, 211. In *Walters*, the Court was concerned with the applicable standard for determining when an employer met Title VII's fifteen-employee threshold—specifically "whether an employer 'has' an employee on any working day on which the employer maintains an employment relationship with the employee, or only on working days on which the employee is actually receiving compensation from the employer." *Id.* at 204. The Court concluded that "the payroll method represents the fair reading of the statutory language, which sets as the criterion the number of employees that the employer 'has' for each working day. . . . In common parlance, an employer 'has' an employee if he maintains an employment relationship with that individual." *Id.* at 207.

8

In *Lyes v. City of Riviera Beach, Fla.*, 166 F.3d 1332, 1345 (11th Cir. 1999), the

Eleventh Circuit held:

> when assessing whether multiple governmental entities are a single "employer" under Title VII, we begin with the presumption that governmental subdivisions denominated as separate and distinct under state law should not be aggregated for purposes of Title VII. That presumption may be rebutted by evidence establishing that a governmental entity was structured with the purpose of evading the reach of federal employment discrimination law. Absent an evasive purpose, the presumption against aggregating separate public entities will control the inquiry, unless it is clearly outweighed by factors manifestly indicating that the public entities are so closely interrelated with respect to control of the fundamental aspects of the employment relationship that they should be counted together under Title VII.

*Id.* at 1345. In that case, "two or more state or local governmental entities will be

treated as a single 'employer' under Title VII where one entity . . . shares control over

the fundamental aspects of the employment relationships of another entity, to such a

substantial extent that it clearly outweighs the presumption that the entities are

distinct." *Id.* The Court also listed several factors that will outweigh the presumption

that governmental subdivisions denominated as separate and distinct will not be

aggregated for purposes of Title VII, including: interrelation of operations;

centralized control of labor operations; *the authority to hire, transfer, promote,*

*discipline or discharge*; the authority to establish work schedules or direct work

assignments; and *the obligation to pay* or the duty to train the employee. *See id.* (emphasis added).

Plaintiff alleges that Morgan County is his "employer" because it "issued paychecks to the Plaintiff, administered policies which applied to this employment, and took a role in reviewing his termination." Pl. Resp. to Morgan County's Mot. to Dismiss, (doc. 17), at 1. Accepting these and plaintiff's other allegations of employment discrimination as true, and in light of relevant precedent discussed *supra*, plaintiff has, as to Morgan County, "'state[d] a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Accordingly, defendant Morgan County's motion to dismiss is denied, with leave to re-file after the close of discovery.

### III. Ana Franklin, Sheriff of Morgan County, Alabama

Plaintiff brings suit against defendant Ana Franklin both in her official capacity, alleging sex discrimination, age discrimination, and retaliation in violation of Title VII, and in her individual capacity, alleging violation of 42 U.S.C. § 1983.

#### A. Employment Discrimination and Retaliation Claims

##### i. Pleading Standard under *Twombly* and *Iqbal*

Defendant Ana Franklin contends that plaintiff fails to plead his employment discrimination claims asserted in Counts I–III with the specificity required by *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).

Federal Rule Civil Procedure 8(a) requires that a complaint contain "a short plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court held in *Iqbal* that "[t]o survive a motion to dismiss," a complaint must "'state a claim to relief that is plausible on its face'" that "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Having reviewed the pleadings filed to date, the court is satisfied that plaintiff's complaint complies with the requirements of *Twombly* and *Iqbal* in accordance with FRCP 8.

The court thus finds that defendant Franklin's motion to dismiss should be denied with respect to Counts I–III insofar as her motion argues that plaintiff's complaint has failed to meet the pleading standards established by *Twombly* and *Iqbal*.

### ii. ADEA and AADEA Claims

Defendant Franklin next argues that the ADEA and AADEA claims asserted in Counts II and III should be dismissed because state officers such as Sheriff Franklin are immune from suits for money damages under the Eleventh Amendment and Article I § 14 of the Alabama Constitution of 1901, respectively. Plaintiff

11

concedes that Defendant Franklin is immune from monetary damages under both the ADEA and the AADEA. However, as plaintiff observes, the Supreme Court has held that "standards applicable to the States . . . can be enforced by . . . private individuals in actions for injunctive relief under *Ex parte Young*, 209 U.S. 123 [] (1908)." *Board of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 n.9 (2001); *see also State Police for Automatic Retirement Ass'n v. DiFava*, 317 F.3d 6, 12 (1st Cir. 2003) ("*Kimel* involved a private action for monetary damages. Neither *Kimel*, nor Eleventh Amendment jurisprudence, prevents individuals . . . from obtaining injunctive relief against a state based upon the ADEA pursuant to *Ex parte Young* . . . .").

In accordance with established precedent and by agreement of the parties, Counts II and III of plaintiff's complaint, pertaining to alleged violation of the ADEA and AADEA, are dismissed insofar as they pray for monetary damages. Injunctive relief remains available on both Counts.[1]

---

[1] Defendant Franklin also moved to dismiss "the Title VII and ADEA claims asserted in Counts I and II against Sheriff Franklin in her individual capacity because Title VII and the ADEA do not permit suits against individuals but only 'employers' and Sheriff Franklin in her individual capacity is not an 'employer.'" Def.'s Motion (doc. 9) at ¶ 2. The court need not address this aspect of this motion, however, because, as plaintiff observes, "[Sheriff Franklin] is not sued in her individual capacity with respect to Counts I, II and III of the Plaintiff's Complaint which focus on employment discrimination and retaliation claims." Pl. Resp. (doc. 16) at 1 n.2. Plaintiff continues, "Sheriff Franklin *is* sued in her individual capacity pursuant to 42 U.S.C. § 1983 for purposes of Count IV." *Id.* (emphasis added). The court will address plaintiff's § 1983 claim against defendant Franklin in her individual capacity in the context of defendant Franklin's motion to dismiss *infra*.

### B. Due Process Claim under 42 U.S.C. § 1983

Defendant Franklin finally moves the court to dismiss Count IV of plaintiff's complaint, the due process claim. To survive a 12(b)(6) motion to dismiss with respect to a § 1983 claim, plaintiff must allege in his complaint facts demonstrating that Sheriff Franklin's act or omission, performed under color of state law, deprived him of a right, privilege, or immunity protected by the Constitution or the laws of the United States. *See Nicholson v. Jackson County Comm'n*, 816 F.2d 591, 597-98 (11th Cir. 1987); *Little v. City of Miami*, 805 F.2d 962, 965 (11th Cir. 1986).

Plaintiff contends, and defendant Franklin does not dispute, that his complaint sets forth the aforementioned elements of a § 1983 claim in ¶¶ 17, 19, 20, and 110-15 (*see* Pl. Resp. (doc. 16) at 9). However, Franklin provides four arguments supporting her contention that plaintiff's § 1983 claim should be dismissed: (i) "The defendant in her official capacity as Sheriff is not a 'person' within the meaning of that term as it is used in 42 U.S.C. § 1983"; (ii) "The plaintiff had no property interest in his job as deputy sheriff"; (iii) "The Sheriff is entitled to qualified immunity as to said claim"; and (iv) "The plaintiff has not shown an absence or inadequacy of post-deprivation remedies available to him under state law." Def. Mot. (doc. 9) at ¶ 5. These arguments shall be addressed in turn.

With respect to defendant Franklin's first argument, it is true that the Supreme

Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). However, plaintiff has not sued Sheriff Franklin in her official capacity, but in her individual capacity; *see* Pl. Resp. (doc. 16) at 1 n.2.

Defendant Franklin's second argument is that plaintiff had no property interest in his job as deputy sheriff. "Property interests are not created by the [United States] Constitution but are 'defined by existing rules or understandings that stem from an independent source such as state law' and arise only where the plaintiff demonstrates a 'legitimate claim of entitlement.'" *Polenz v. Parrott*, 883 F.2d 551, 555 (7th Cir. 1989) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). "A public employee enjoys a property interest in his employment only if he has an expectation of continued employment created by legislation, contract, or policy." *Lassiter v. Covington*, 861 F.2d 680, 682 (11th Cir. 1988) (citing *Roth*, 408 U.S. 564 at 577–78). There must be a state statute or ordinance that creates a public employment contract, or there must be some clear practice or mutual understanding that an employee can be terminated or transferred only for "cause." *See Arnett v. Kennedy*, 416 U.S. 134, 165 (1974). If the employee holds his position only at the "will" of the employer, there is no property interest in continued employment. *See Bishop v. Wood*, 426 U.S. 341, 348 (1976).

14

In *Terry v. Cook*, 866 F.2d 373 (11th Cir. 1989), the Eleventh Circuit held that "[t]he closeness and cooperation required between sheriffs and their deputies necessitates the sheriffs' absolute authority over their appointment and/or retention." *Id.* at 377. Defendant Franklin points to this language, as well as to several Opinions by the Attorney General of Alabama, as establishing the proposition that a sheriff's absolute authority over the employment of deputies provides no protected property interest in employment as deputy sheriff. *See* Def. Br. in Support of Mot. to Dismiss (doc. 10), at 15-19. Plaintiff, however, cites *Nicholson v. Gant*, 816 F.2d 591, 597 (11th Cir. 1987) and *Marshall v. City of Cape Coral, Fla.*, 797 F.2d 1555, 1559 (11th Cir. 1986), for the proposition that a property interest can be created by an agency handbook of personnel policies or rules, and to *Green v. City of Hamilton Housing Authority*, 937 F.2d 1561 (11th Cir. 1991), for the proposition that language in an employee handbook can constitute an offer for "permanent employment" creating a property interest giving rise to a procedural due process claim. He asserts that the explicit adoption of the Morgan County Alabama Personnel Policy Manual by Sheriff Franklin's predecessor for his deputies conferred such property interest upon those deputies. *See* Pl. Resp. to Mot. to Dismiss (doc. 16), at 8-17.

Accepting plaintiff's allegations as true, plaintiff has stated a claim to relief that is plausible on its face, sufficient to survive a motion to dismiss on the ground

that he had no property interest in his job as deputy sheriff. This conclusion also implicates defendant's fourth allegation, *viz.*, that plaintiff has failed to show an absence or inadequacy of post-deprivation remedies under state law. Taking plaintiff's allegations that he had a property interest in employment as a deputy sheriff as true, it is an open question whether the administrative proceedings available under the Morgan County Personnel Policy Manual were "adequate remedies" available to plaintiff under state law.

If plaintiff did have a clearly established property right, however,  Defendant Franklin could still be entitled to qualified immunity as to said claim—her third argument in favor of dismissal—such that dismissal would be appropriate. As the Eleventh Circuit has held,

> A defendant is entitled to a pre-trial dismissal on the basis of qualified immunity under two circumstances. First, the defendant is entitled to dismissal when the plaintiff has failed to *allege* a violation of a clearly established right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 [] (1982). In such a case the defendant may be entitled to a dismissal even before discovery, [*Mitchell v.*] *Forsyth*, 472 U.S. [511,] 526 [(1985)], but if "substantial factual development" is necessary before the court can identify the set of facts implicating a clearly established right that the defendant has allegedly violated, the district court should defer ruling on the qualified immunity issue. *Cf. Riley v. Wainwright*, 810 F.2d 1006, 1007 (11th Cir. 1987). In this first instance, it is the plaintiff's allegations that determine whether the defendant is entitled to immunity because (as with all

16

> motions for judgment on the complaint or pleadings) the plaintiff's factual allegations are taken as true. See Fed. R. Civ. P. 12(b), 12(c) (motions for judgment relying on matters outside the pleadings are transformed into summary judgment motions).

*Andreu v. Sapp*, 919 F.2d 637, 639 (11th Cir. 1990).[2] That court has also opined that to be entitled to qualified immunity, "the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotations and citations omitted). "To determine whether an official was engaged in a discretionary function, [courts must] consider whether the acts the official undertook 'are of a type that fell within the employee's job responsibilities.'" *Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004) (quoting *Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004)).

To determine if plaintiff's property right was clearly established, plaintiff must demonstrate that defendant Franklin had fair warning that terminating him without affording him a hearing was unconstitutional. *See Hope v. Pelzer*, 536 U.S. 730, 740-41 (2002). Plaintiff asserts that an Eleventh Circuit line of cases[3] recognizes that

---

[2] The second circumstance involves entitlement to summary judgment on the issue of qualified immunity (*see Andreu*, 919 F.2d at 639), an issue not germane at this time.

[3] *See Green v. City of Hamilton*, 937 F.2d 1561, 1563 (11th Cir. 1991); *Nicholson v. Gant*, 816 F.2d 591, 597 (11th Cir. 1987); *Glenn v. Newman*, 614 F.2d 467, 471–72 (5th Cir. 1980).

when an employer gives an employee a handbook containing policies and procedures providing for a hearing prior to termination, a procedural due process claim arises in the absence of such a hearing, and that these cases give fair warning to Defendant Franklin that her denial of a hearing to plaintiff amounts to a constitutional violation. Defendant argues, however, that because the appointment and retention of deputies is clearly established to be within the official responsibilities of the Sheriff (*see Terry v. Cook*, 866 F.2d 373, 377 (11th Cir. 1989), quoted *supra*), it is unquestionable that Sheriff Franklin met her burden of showing that she was acting within the scope of her discretionary authority, so that plaintiff's alleged property right in his employment was not so "clearly established" as to destroy defendant Franklin's immunity from suit.

Ultimately, "[w]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action . . . assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818–819 (1982)). Under Eleventh Circuit jurisprudence, "'[f]or the law to be clearly established to the point that qualified immunity does not apply, the law must have earlier been developed in such concrete and factuall y defined context to make it obvious to all

reasonable government actors, in the defendant's place, that what he is doing violates federal law.'" *Crawford v. Carroll*, 529 F.3d 961, 977 (11ᵗʰ Cir. 2008) (quoting *Holloman v. Harland*, 370 F.3d 1252, 1263 (11ᵗʰ Cir. 2004)). "When case law is needed to 'clearly establish' the law applicable to the pertinent circumstances, [courts] look to decisions of the U.S. Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the highest court of the pertinent state." *Marsh v. Butler County*, 268 F.3d 1014, 1032 n.10 (11ᵗʰ Cir. 2001).

Numerous decisions of the Eleventh Circuit and Alabama appellate courts,[4] as well as the Opinions of the Alabama Attorney General,[5] accord with the general principle that "[t]he closeness and cooperation required between sheriffs and their deputies necessitates the sheriffs' absolute authority over [the deputies'] appointment and/or retention." *Terry v. Cook*, 866 F.2d 373, 376 (11ᵗʰ Cir. 1989).[6] Under this

---

[4] *See, e.g.*, *Mack v. Arnold*, 929 So. 2d 480 (Ala. Civ. App. 2006) (Deputy Sheriff could not prevail on a due process claim against the Sheriff based on the policies and procedures in the personnel manual); *Whitten v. Lowe*, 677 So. 2d 778 (Ala. Civ. App. 1995) (County Personnel Board's rules and regulations did not apply to deputy sheriffs because they are state employees).

[5] *See, e.g.*, Ala. Op. Atty. Gen. No. 2003-046 (Franklin County Sheriff "does not need the permission of the county commission to advertise for, hire, discipline, or fire deputies or jailers"); Ala. Op. Atty. Gen. No. 2002-316 (Baldwin County deputies and jailers are employees at will of the Sheriff).

[6] *See also Lancaster v. Monroe County, Ala.*, 116 F. 3d 1419, 1430 (11ᵗʰ Cir. 1997) (an Alabama sheriff retains "freedom to handpick deputies from among qualified applicants," and "the sheriff's power to pick his own employees demonstrates power and control over those employees"); *Carr v. City of Florence*, 916 F. 2d 1521 (11ᵗʰ Cir. 1990).

principle, it would be reasonable for Sheriff Franklin to conclude that she could dismiss plaintiff with or without such process as she might deem appropriate. Put another way, if the law is otherwise, even in plaintiff's case, it would not be "obvious to all reasonable government actors" (*Crawford*, 529 F.3d at 977), here a sheriff or other law enforcement officer, that Sheriff Franklin's authority to dismiss her deputies was not as broad as stated in *Terry*. Moreover, even if Sheriff Franklin were mistaken in her interpretation of the law, the Supreme Court recently opined that the purpose of qualified immunity is to "give[] government officials breathing room to make reasonable but mistaken judgments," and it "protects all but the plainly incompetent or those who knowingly violate the law." *Messerschmidt v. Millender*, 132 S.Ct. 1235, 1244 (2012) (internal quotations omitted).

In light of the foregoing, defendant Franklin is entitled to qualified immunity as to the § 1983 claim against her in her individual capacity. Count IV of plaintiff's complaint is due to be dismissed.

## Conclusion

The court having considered the foregoing, and being of the opinion that the motions to dismiss of defendants "Morgan County Sheriff's Office" and Morgan County, Alabama, are due to be granted, the court shall so rule by separate Order.

The court further being of the opinion that defendant Sheriff Ana Franklin's

20

motion to dismiss is due to be denied in part and granted in part, the court shall so rule by separate order.

**DONE** and **ORDERED** this 12th day of April 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE